291 So.2d 673 (1974)
Charles E. NICKS, Appellant,
v.
HARTFORD INSURANCE GROUP, Appellee.
No. 73-280.
District Court of Appeal of Florida, Second District.
March 6, 1974.
Tom J. Johnson, Jr., Tampa, for appellant.
Calvin A. Pope, Tampa, for appellee.
MAXWELL, OLIVER C., Circuit Judge (Retired).
Charles E. Nicks appeals from a summary judgment in favor of Hartford. Charles E. Nicks' father owned Tru-Flo Corporation, which corporation was insured by Hartford. Appellant was injured while riding as a passenger on a motorcycle which collided with an automobile. Neither the motorcycle nor the automobile was insured and neither was owned by Tru-Flo Corporation or appellant's father. *674 Appellant claims coverage under this corporate insurance policy.
The policy, issued to the corporation (which did not designate any other insured in the space provided therefore) provided in the uninsured motorist coverage:
"II. PERSONS INSURED.
Each of the following is an insured under this insurance to the extent set forth below:
(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either... ."
Tru-Flo Corporation was an active corporation owned by appellant's father. Appellant worked for this corporation part-time and lived with his father.
He contends that these provisions involving a family or household, together with the designation of the named beneficiary, are ambiguous and should be construed to grant him coverage. Insured was not on company business at the time of the accident. In a suit for declaratory decree the trial court held otherwise.
In Kohly v. Royal Indemnity Co., Fla. App.3d 1966, 190 So.2d 819, it is said:
"In interpreting insurance policies, the courts have uniformly held that the term `named insured' has a restricted meaning and does not apply to any person other than those named in the policy."
The cases cited by appellant do not involve the definition of the insured but involve exclusions written into policies where there is no question as to who was intended to be insured, but whether an exclusion was valid. Boston Ins. Co. v. Smith, Fla.App. 1st 1963, 149 So.2d 68 interpreted a provision relating to a newly acquired automobile; Davis v. United States Fidel. & G. Co., Fla.App.1st 1965, 172 So.2d 485, construes language which attempts to limit amount of recovery in an uninsured motorist's policy. Dyer v. Nationwide Mutual Fire Ins. Co., Fla. 1973, 276 So.2d 6, deals with conflicting provisions concerning damages to owner of multiple automobiles.
In First National Ins. Co. of America v. Devine, Fla.App.2d 1968, 211 So.2d 587, this court held the provision in uninsured motorist policy excluding drivers under 25 was void as against public policy. Hodges v. National Union Indemnity Co., Fla. 1971, 249 So.2d 679, deals with the type of coverage afforded an automobile.
The remaining cases cited by the appellant have no relationship to the question before this court, i.e. whether there is ambiguity in naming only an active corporation as beneficiary under the policy. We are of the opinion that there is not and the trial court's ruling is hereby
Affirmed.
MANN, C.J., and McNULTY, J., concur.