## MICHAEL ANDRADE vs. AETNA LIFE & CASUALTY COMPANY.

No. 91-P-996.

Suffolk. January 19, 1993. - August 23, 1993.

Present: ARMSTRONG, JACOBS, & GREENBERG, JJ.

*Practice, Civil,* Summary judgment. *Insurance,* Construction of policy, Motor vehicle insurance, Uninsured motorist. *Contract,* Insurance. *Words,* "Insured," "Household member," "Relative."

In an action seeking a declaration that the plaintiff qualified as an insured under coverage affording the named corporate insured protection against uninsured motorists, summary judgment was properly granted for the defendant insurer, where the undisputed facts demonstrated that the plaintiff, who had been staying at his parents' house (which doubled as the family corporation's principal place of business) at the time he was struck by an uninsured motorist while working for the corporation, was not a relative living in the household of the named insured and did not qualify as an "insured" under the policy. [176-180]

CIVIL ACTION commenced in the Superior Court Department on May 10, 1990.

The case was heard by *R. Malcolm Graham,* J., on motions for partial summary judgment.

*George F. Leahy* for the plaintiff.
*John P. Graceffa* for the defendant.

GREENBERG, J. Michael Andrade, an injured employee of a corporation that was insured by Aetna Life & Casualty Company (Aetna), sought coverage under the uninsured motorist provisions of the corporation's standard commercial automobile insurance policy. The Superior Court, upon cross motions for summary judgment, determined that Andrade was not an "insured" under the policy provisions because he could not be considered a relative living in the household of the named insured when the named insured is a corporation.

Judgment was entered for the defendant, and the plaintiff has appealed.

The dispositive facts, as must be the case when summary judgment is granted, are undisputed. *Kelleher* v. *American Mut. Ins. Co.*, 32 Mass. App. Ct. 501, 502 (1992), citing *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 556 (1976). Andrade was hurt while working for the family construction company, the named insured, Bill Andrade & Sons, Inc. As he walked across a road near his work site, he was struck by an oncoming motor vehicle. At the time of the accident, Andrade was staying at his parents' house which doubled as the corporation's principal place of business. Before a settlement of the resulting tort claim could be negotiated, the insurer of the vehicle which struck Andrade filed for insolvency. Andrade then submitted claims for uninsured benefits against five motor vehicle insurance policies issued by the defendant to various family members and to the family business; the one we consider listed only the corporation as the named insured.

In compliance with G. L. c. 175, § 113L, the policy at issue provided uninsured motorist coverage and defined an insured as:

> "(1) the named insured stated in item 1 of the declarations (herein also referred to as the 'principal named insured') and, while residents of the same household, the spouse of any such named insured and relatives of either;
>
> "(2) any other person while occupying an insured automobile; and
>
> "(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (1) or (2) above."

The burden is on the party seeking coverage to demonstrate that he qualifies as an "insured." *Kelleher* v. *American Mut. Ins. Co.*, 32 Mass. App. Ct. at 504. Andrade does not argue that he should be considered an insured under cate-

gory two or three. It is undisputed that Andrade was not using an insured motor vehicle as a passenger or permissive user at the time of the accident. Instead, he contends that he is entitled, as a matter of law, to uninsured benefits under category one, as a relative of the named insured residing in the same household.[1] Specifically, he argues that the words "household" and "relative" as delineated in the policy are ambiguous when the named insured is a corporation. Since Andrade was an employee of the corporation, resided at the corporation's principal place of business, and was engaged in its business pursuits at the time of the accident, he urges us to construe the policy so as to consider him "a relative of the corporation who resided in its household." Otherwise, he contends, no one would be covered within this category when the named insured is a corporation.

In effect, the plaintiff invites us to rewrite the policy, so as to enable him to obtain insurance coverage. Cf. *Pinheiro* v. *Medical Malpractice Joint Underwriting Assn. of Mass.*, 406 Mass. 288, 292 (1989) (in stating that a clause on an insurance policy must be construed as written, the Supreme Judicial Court refused to substitute terms in the insurance policy for others requested by the defendant). Since we determine that no ambiguity exists, the invitation must be declined. *Polzin* v. *Phoenix of Hartford Ins. Cos.*, 5 Ill. App. 3d 84, 88 (1972). *Meyer* v. *American Economy Ins. Co.*, 103 Or. App. 160, 163 (1990) (the fact that there is no coverage under one category when the policy is read to mean what it unambiguously says does not, in itself, create an ambiguity).

In this context, the terms are unambiguous because they are not susceptible to any reasonable interpretation that would advance Andrade's cause. *Ibid.* See also *Nicks* v. *Hartford Ins. Group*, 291 So. 2d 673, 674 (Fla. Dist. Ct. App. 1974) (no ambiguity exists in insurance policy issued to corporation and defining insured as the spouse of any such named insured and relatives of either, while living in the same household). Where no ambiguity exists, the insurance

---

[1]Andrade does not argue that we should "pierce the corporate veil" and consider him to be the "named insured" as part owner of the corporation.

policy is to be construed according to its ordinary meaning. *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 453 (1985). *Kelleher* v. *American Mut. Ins. Co.*, 32 Mass. App. Ct. at 504.

Although there may be many definitions which fit the terms "household" and "relative," none allows for Andrade's desired construction. In the context of automobile insurance, it has been recognized that "because modern society presents an almost infinite variety of possible domestic situations and living arrangements, the term 'household member' can have no precise or inflexible meaning." *Vaiarella* v. *Hanover Ins. Co.*, 409 Mass. 523, 526-527 (1991), and cases cited. Analysis of the meaning of this term, thus, proceeds on a case-by-case basis. *Id.* at 527. Even under this flexible construction, a corporation is not a "domestic situation" or a "living arrangement." It has long been settled in the Commonwealth that a corporation is separate and distinct from its owners. *McAlevey* v. *Litch*, 234 Mass. 440, 441 (1920). That the corporation's headquarters was also the family home has no bearing on determining whether the corporation itself can have a household.

Likewise, "relative" has been defined as "a person connected with another by blood or affinity." Black's Law Dictionary 1289 (6th ed. 1990). See also *Petition of the U.S.*, 418 F.2d 264, 270 (1st Cir. 1969). It has been suggested that this definition is further limited in the context of automobile insurance to include only "consanguines." *Petition of the U.S.*, *supra* at 271, and cases cited. Since a corporation is an artificial entity created by the law, *Syrian Antiochean St. George Orthodox Church of Worcester* v. *Ghize*, 258 Mass. 74, 80 (1927), it is incapable of having a relative or a household under even the broadest of definitions.

That an automobile liability policy issued to a corporation as the "named insured" does not provide coverage to a relative living in the household of a corporation is in line with the majority of jurisdictions that have addressed this issue. See *Testone* v. *Allstate Ins. Co.*, 165 Conn. 126, 130 (1973) (where corporation was named insured, plaintiff could not be deemed named insured or designated insured even while act-

ing in scope of his employment); *Hogan* v. *Mayor & Alder-men of Savannah*, 171 Ga. App. 671, 672 (1984) (where closely held corporation was "named insured," president, chairman of board, treasurer, general counsel and share-holder of corporation could not be deemed either named in-sured or a family member in relation thereto). See also *Nicks* v. *Hartford Ins. Group*, 291 So. 2d 673 (Fla. Dist. Ct. App. 1974); *Cutter* v. *Maine Bonding & Cas. Co*, 133 N.H. 569 (1990); *Giambri* v. *Government Employees Ins. Co.*, 170 N.J. Super. 140 (N.J. Super. Ct. Law Div. 1979), aff'd, 174 N.J. Super. 162 (N.J. Super. Ct. App. Div. 1980); *Eveready Ins. Co.* v. *Schwartz*, 54 A.D.2d 750 (N.Y. 1976); *Meyer* v. *American Economy Ins. Co.*, 103 Or. App. at 160; *Dixon* v. *Gunter*, 636 S.W.2d 437 (Tenn. Ct. App. 1982); 12 Couch, Insurance § 45.276, at 599 (Rhodes rev. 2d ed. 1981). Con-trast *King* v. *Nationwide Ins. Co.*, 35 Ohio St. 3d 208 (1988).

The Supreme Judicial Court's narrow holding in *Thattil* v. *Dominican Sisters of the Presentation of the Blessed Virgin, Inc.*, 415 Mass. 381 (1993) (the plaintiff nun's identity, by virtue of her special relationship with her incorporated reli-gious order, was merged with named insured corporation), is inapplicable to the facts of this case. In reaching its decision allowing Sister Thattil to recover under the underinsured provisions of the corporation's automobile policy, the court repeatedly noted the "unusual" and "unique" circumstances present in that case, including the fact that the Dominican Sisters was "not an ordinary business corporation." *Id*. at 389. We view *Thattil* as confined to its peculiar facts, and do not feel bound by its holding.

Parenthetically, no evidence was presented below to indi-cate that the objectively reasonable expectations of the par-ties intended this policy to cover persons in Andrade's posi-tion. See *Mitcheson* v. *Izdepski*, 32 Mass. App. Ct. 903, 905-906 (1992) (court declines to hold that doctrine of "reasona-ble expectations" applies where no ambiguity exists). Cf. *Ha-zen Paper Co.* v. *United States Fid. & Guar. Co.*, 407 Mass.

689, 700 (1990). We conclude that Andrade is not an "insured" under the first category of the policy.

Our construction does not contravene the statutory language or legislative policy of G. L. c. 175, § 113L, the purpose of which is to protect the "named insured," Bill Andrade & Sons, Inc. *Cardin* v. *Royal Ins. Co.*, 394 Mass. at 452. Nor does it run counter to the fact that it is preferable to give reasonable meaning to all the policy's provisions rather than to leave a part useless or inexplicable. *Sherman* v. *Employers' Liab. Assur. Corp.*, 343 Mass. 354, 357 (1961), and cases cited. The corporation remains protected, and the uninsured motorist provision is not made a nullity by this interpretation, because the policy still covers "any other person while occupying an insured automobile." See *Lundgren* v. *Vigilant Ins. Co.*, 391 N.W.2d 542, 544 (Minn. Ct. App. 1986), and cases cited. Andrade's situation plainly does not meet the requirements of the policy. Accordingly summary judgment was properly entered for the defendant.

*Judgment affirmed.*