962 P.2d 1004

Arthur FOOTE, Plaintiff–Appellant,

v.

ROYAL INSURANCE COMPANY OF AMERICA, an Illinois corporation, Defendant–Appellee, John Does 1–10;

Arthur FOOTE, Plaintiff–Appellant,

v.

Jane DOES 1–10; Doe Corporations 1–10; Doe Partnerships 1–10; Doe Non–profit Entities 1–10; Doe Governmental Entities 1–10, Defendants

No. 20896.

Intermediate Court of Appeals of Hawai'i.

July 31, 1998.

Certiorari Denied Sept. 1, 1998.

Ian L. Mattoch and Daniel P. Kirley (Law Offices of Ian L. Mattoch, of counsel) on the brief for Plaintiff-Appellant.

Eric T.W. Kim (Lee, Kim, Wong, Yee & Lau, of counsel) on the brief for Defendant-Appellee.

Before BURNS, C.J., and ACOBA and KIRIMITSU, JJ.

KIRIMITSU, Associate Justice.

## I. INTRODUCTION

Plaintiff–Appellant Arthur Foote (Plaintiff) appeals the First Circuit Court's July 21, 1997 Order Granting Defendant[-Appellant] Royal Insurance Company of America's [(Royal)] Motion for Summary Judgment Filed 5/9/97, and Denying Plaintiff Arthur Foote's Motion for Summary Judgment Filed 4/22/97 (July 21, 1997 summary judgment order), and August 12, 1997 Judgment. For the reasons set forth below, we affirm.

## II. BACKGROUND

The facts stated herein were stipulated to by Plaintiff and Royal. Plaintiff was the vice-president, treasurer, director, and a fifty-percent shareholder in a closely held corporation called Down Under Enterprises, Ltd., dba Sign Craft (Sign Craft). Sign Craft was insured under a commercial busi-

ness automobile policy issued by Royal. The named insured under the policy was the corporate entity "Down Under Enterprises, Ltd. DBA: Sign Craft."

The policy stated in relevant part:

### BUSINESS AUTO POLICY

In return for the payment of the premium and subject to all the terms of this policy, we agree with you as follows:

PART I WORDS AND PHRASES WITH SPECIAL MEANING—READ THEM CAREFULLY

The following words and phrases have special meaning throughout this policy and appear in **boldface type** when used:

A. **"You"** and **"your"** mean the person or organization shown as the named insured in ITEM ONE of the declarations.

. . . .

F. **"Insured"** means any person or organization qualifying as an insured in the WHO IS INSURED section of the applicable insurance. . . .

\* \* \* \*

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. UNDERINSURED MOTORISTS INSURANCE—HAWAII (NON–STACKED)

. . . .

Named Insured[:] Down Under Enterprises, Ltd.

DBA: Sign Craft

. . . .

A. WORDS AND PHRASES WITH SPECIAL MEANING

. . . .

1. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child.

. . . .

B. WE WILL PAY

1. We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "underinsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

. . . .

D. WHO IS INSURED

1. You or any "family member".

2. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

3. Anyone for damages he [or she] is entitled to recover because of "bodily injury" sustained by another "insured."

. . . .

On June 10, 1994, Plaintiff was operating his own personal moped when he was struck by an automobile operated by Philip F. Farley (Farley). The moped was not a "covered auto" under the Royal policy. Plaintiff and Farley settled for $135,000, Farley's limits of liability, and thereafter, Plaintiff filed a claim with Royal for underinsured motorist (UIM) benefits. Royal denied the claim on the grounds that Plaintiff was not an insured as defined under the policy.

On November 21, 1996, Plaintiff filed this declaratory relief action seeking a declaration that Plaintiff is entitled to UIM benefits under Royal's policy as a result of the moped accident. On July 21, 1997, the circuit court granted Royal's motion for summary judgment and denied Plaintiff any relief. On August 12, 1997, judgment was entered in favor of Royal and against Plaintiff. Plaintiff timely filed his notice of appeal.

### III. *STANDARD OF REVIEW*

Plaintiff appeals the July 21, 1997 summary judgment order.

On appeal, an order of summary judgment is reviewed under the same standard applied by the trial courts. Summary judgment is appropriate if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.

*Pacific Int'l Servs. Corp. v. Hurip*, 76 Hawai'i 209, 213, 873 P.2d 88, 92 (1994) (quotation marks and citations omitted).

## IV. *DISCUSSION*

It is uncontested that Plaintiff is not entitled to UIM benefits as a Class II insured[1] under the policy because he was not occupying an insured auto at the time of the accident; he was driving his own personal moped. Thus, the dispositive question is whether, under the facts of this case, Plaintiff is entitled to UIM benefits as a Class I named insured[2] under the policy. This determination requires an interpretation of the insurance policy.

### A. *Principles of contract construction.*

[I]nsurance policies are subject to the general rules of contract construction; the terms of the policy should be interpreted according to their plain, ordinary, and accepted sense in common speech unless it appears from the policy that a different meaning is intended. Moreover, every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy.

Nevertheless, adherence to the plain language and literal meaning of insurance contract provisions is not without limitation. *We have acknowledged that because insurance policies are contracts of adhesion and are premised on standard forms prepared by the insurer's attorneys, we have long subscribed to the principle that they must be construed liberally in favor of the insured and any ambiguities must be resolved against the insurer. Put another way, the rule is that policies are to be construed in accord with the reasonable expectations of a layperson.*

*Dawes v. First Ins. Co.*, 77 Hawai'i 117, 121, 883 P.2d 38, 42 (quotation marks, brackets, and citations omitted) (emphasis added), *reconsideration denied*, 77 Hawai'i 489, 889 P.2d 66 (1994). Thus, we ask ourselves whether the insurance policy in this case is ambiguous.

### B. *The policy is not ambiguous.*

■ Plaintiff argues that the insurance policy in this case is ambiguous to a reasonable layperson because the policy provisions which refer to individuals and family relationships do not make sense when the named insured is a corporate entity rather than a natural person. In that sense, because a corporation cannot sustain "bodily injury" or have "family members," Plaintiff could have reasonably concluded that Plaintiff qualified as a named insured because he was the sole shareholder, officer, and director of the "named insured" (i.e., the corporation), and therefore one of the only representatives of the corporation who could possibly sustain "bodily injury" or have "family members."

A small handful of jurisdictions agree with Plaintiff's reasoning that because a corporation cannot have "family members," inclusion of a "family members" clause in a business policy issued to a small family-owned-and-operated business is ambiguous in that it could "reasonably be understood as providing uninsured [or underinsured] motorist insurance for members of the [company] family independent of whether they were occupying a covered automobile at the time of injury." *Ceci v. National Indem. Co.*, 225 Conn. 165, 622 A.2d 545, 549 (1993); *see also King v. Nationwide Ins. Co.*, 35 Ohio St.3d 208, 519 N.E.2d 1380, 1384 (1988) (finding ambiguity with the "family members" clause of the commercial auto policy).

However, a vast majority of jurisdictions believe that the "family member" clause does not render a policy ambiguous, and there-

---

1. Class II insureds are those who are injured while they are occupying, operating or using the insured vehicle. *Dawes v. First Ins. Co.*, 77 Hawai'i 117, 126, 883 P.2d 38, 47, *reconsideration denied*, 77 Hawai'i 489, 889 P.2d 66 (1994).

2. Class I insureds include the named insured and the named insured's family members who are residents of the named insured's household. *Dawes*, 77 Hawai'i at 126, 883 P.2d at 47.

fore, an officer or shareholder of a closely held corporation is not entitled to UIM benefits as a "named insured" under the business policy. *See American States Ins. Co. v. C & G Contr., Inc.,* 186 Ariz. 421, 924 P.2d 111, 115 (Ct.App.1996) (holding that the clause was not ambiguous where injured was president of corporation); *Lampkin v. National Union Fire Ins. Co.,* 581 So.2d 175, 175–76 (Fla.Ct.App.1990) (holding the same where injured was employee listed as the operator of a corporation's vehicle); *Bernard v. Nationwide Mut. Fire Ins. Co.,* 206 Ga.App. 519, 426 S.E.2d 29, 31–32 (1992) (holding the same where injured was corporate officer); *Economy Preferred Ins. Co. v. Jersey County Constr.,* 246 Ill.App.3d 387, 186 Ill.Dec. 233, 615 N.E.2d 1290, 1293 (holding the same where injured was president's daughter), *cert. denied,* 152 Ill.2d 557, 190 Ill.Dec. 886, 622 N.E.2d 1203 (1993); *Huebner v. MSI Ins. Co.,* 506 N.W.2d 438, 441 (Iowa 1993) (holding the same where injured was family member of employee); *Meche v. Thibodeaux,* 550 So.2d 346, 349–50 (La.Ct.App.1989) (holding the same where injured was half-owner of corporation), *cert. denied,* 558 So.2d 1124 (1990); *Langer v. United States Fidelity & Guar. Co.,* 552 A.2d 20, 22 (Me.1988) (holding the same where injured was ward of the state); *Andrade v. Aetna Life & Cas. Co.,* 35 Mass.App.Ct. 175, 617 N.E.2d 1015, 1017 (holding the same where injured was employee of corporation), *review denied,* 416 Mass. 1105, 621 N.E.2d 685 (1993); *Ott v. Firemen's Fund Ins. Co.,* 936 S.W.2d 165, 166 (Mo.Ct.App.1996) (holding the same where injured was president of closely held corporation); *Busby v. Simmons,* 103 N.C.App. 592, 406 S.E.2d 628, 630 (1991) (holding the same where injured was majority stockholder of corporation); *Cutter v. Maine Bonding & Cas. Co.,* 133 N.H. 569, 579 A.2d 804, 808 (1990) (holding the same where injured was vice-president/secretary of corporation); *Buckner v. Motor Vehicle Acc. Indem. Corp.,* 66 N.Y.2d 211, 495 N.Y.S.2d 952, 954, 486 N.E.2d 810 (1985) (holding the same where injured was son of officer and sole-shareholder); *Meyer v. American Economy Ins. Co.,* 103 Or.App. 160, 796 P.2d 1223, 1225 (holding the same where injured was principal share-holder of corporation), *review denied,* 310 Or. 547, 800 P.2d 789 (1990); *Hunyady v. Aetna Life & Cas.,* 396 Pa.Super. 476, 578 A.2d 1312, 1313 (1990) (holding the same where injured was wife of corporate officer), *aff'd,* 530 Pa. 25, 606 A.2d 897 (1992).

We agree with those jurisdictions that find no ambiguity and hold that in this case the policy is not ambiguous in that Plaintiff does not qualify as a Class I named insured. First, the policy makes clear in its "Business Auto Policy" endorsement that the words "you" and "your" mean the organization shown as the named insured; in this case that would mean the named insured is Down Under Enterprises, Ltd., dba Sign Craft. Second, although use of a "family member" clause in a commercial automobile policy is troublesome, common sense dictates that a reasonable layperson should know that a corporation cannot have a "family member." Furthermore, to say that the policy was intended to cover officers, directors and/or shareholders of Sign Craft as "named insureds" would result in rewriting the policy. Thus, under the express and unambiguous terms of the policy, UIM coverage is only afforded to (1) the named insured (i.e., Sign Craft), and (2) to persons injured while occupying a covered vehicle.

■ Accordingly, so long as the policy is clear and unambiguous, and not in contravention of statutory inhibitions or public policy, the insurance policy should be enforced on its terms. *Dawes,* 77 Hawai'i at 121–22, 883 P.2d at 42. As will be illustrated *infra,* the insurance policy does not violate statutory prescription or public policy. As such, pursuant to the clear and unambiguous terms of the insurance policy, Plaintiff is not a "named insured" under the policy, and therefore, not entitled to UIM benefits.

C. *The policy does not violate statutory prescription or public policy.*

■ Plaintiff argues that denial of coverage in this case would violate the protective purpose and public policies underlying Hawai'i Revised Statutes (HRS) § 431:10C–301(b)(4) [3] because Royal has collected a premium for illusory coverage. This argument

---

3. Hawai'i Revised Statutes § 431:10C–301(b)(4) (1993) states:

is without merit. We initially note that the policy at issue is a commercial automobile policy, and not one just for UIM coverage. As we have just interpreted, the policy does not provide coverage for non-named insureds who are injured while *not* occupying a covered automobile; the policy clearly provides UIM coverage to Class II insureds—persons who are injured while occupying a covered automobile. The fact that there can be no Class I insureds who are entitled to UIM benefits does not make such coverage illusory; Class II insureds are still entitled to UIM benefits.[4] As such, denial of coverage in this case would neither violate HRS § 431:10C–301(b)(4) nor public policy. *But cf. Hawkeye–Security Ins. Co. v. Lambrecht & Sons, Inc.,* 852 P.2d 1317, 1319 (Colo.Ct. App.1993) (finding a policy which purports to offer UIM benefits to only Class I insureds, and then excludes such coverage in its entirety, violates public policy).

## V. CONCLUSION

In conclusion, we hold that the insurance policy in this case is not ambiguous, and under the unambiguous terms of the policy, Plaintiff is not a "named insured" entitled to UIM benefits. Accordingly, the July 21, 1997 summary judgment order and August 12, 1997 judgment are affirmed.

---

**Required motor vehicle policy coverage(4)27**
(b) A motor vehicle insurance policy shall include:
....
(4) Coverage for loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from owners or operators of underinsured motor vehicles. An insurer may offer the underinsured motorist coverage required by this paragraph in the same manner as uninsured motorist coverage; provided that the offer of both shall:
(A) Be conspicuously displayed so as to be readily noticeable by the insured;
(B) Set forth the premium for the coverage adjacent to the offer in a manner that the premium is clearly identifiable with the offer and may be easily subtracted from the total premium to determine the premium payment due in the event the insured elects not to purchase the option; and

(C) Provide for written rejection of the coverage by requiring the insured to affix the insured's signature in a location adjacent to or directly below the offer.
4. We also note that had Plaintiff–Appellant Arthur Foote (Plaintiff) purchased personal automobile insurance with underinsured motorist benefits, then Plaintiff would be entitled to UIM coverage in the immediate case under the personal policy. *See Kang v. State Farm Mut. Auto. Ins. Co.,* 72 Haw. 251, 254–55, 815 P.2d 1020, 1022 (1991) ("Underinsured motorist coverage was designed to protect against loss resulting from bodily injury or death suffered by any person legally entitled to recover damages from an owner or operator of an underinsured motor vehicle.")
Plaintiff could have also added himself as a "named insured" to the business auto policy. In that case, Plaintiff would have been personally covered for UIM benefits.