{¶ 43} As the principal opinion aptly notes, intermediate appellate courts are obligated to follow Ohio Supreme Court decisions. For this reason and this reason alone, I reluctantly agree with the principal opinion's affirmance of the trial court's judgment.
 {¶ 44} Interestingly, I note that a vast majority of the other jurisdictions that have considered the issue raised in Scott-Ponzer v.Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116
have apparently reached a conclusion opposite to the conclusion drawn by the Ohio Supreme Court. See Foote v. Royal Ins. Co. of America (1998),88 Haw. 122, 124-125, 962 P.2d 1004, 1006-1007 and the cases cited therein.
 {¶ 45} Moreover, as Justice Stratton states in her dissenting opinion in Scott-Ponzer, it is inherent that a commercial insurance policy, purchased by a corporation and written for a corporation (or, by extension, a board of education) applies to the corporate entity and those acting within the scope of employment for that entity. A commercial policy should not be construed to provide uninsured or underinsured motorist coverage in a situation that involves personal, non-employment related activities of an employee (or a member of the employee's family). Nevertheless, the Scott-Ponzer decision must be followed unless and until the Ohio Supreme Court decides to revisit this issue.