JOURNAL ENTRY AND OPINION.
{¶ 1} The appellant, Russell W. Misseldine, appeals the judgment of the Cuyahoga County Court of Common Pleas, Civil Division, which denied his motion for summary judgment and granted the motion for summary judgment of Progressive Max Insurance Company determining that Misseldine was not an insured under the policy of insurance and that the substantive law of Hawaii applied to interpret the policy of insurance at issue.
 {¶ 2} The instant matter is an action for uninsured/underinsured motorist ("UM/UIM") benefits pursuant to the Ohio Supreme Court decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. On October 3, 1997, Misseldine was involved in an automobile accident resulting in serious injuries. While stopped at a red light, he was struck from behind by another driver, who was later determined to be under the influence of alcohol at the time of the accident. There is no dispute that the drunk driver was the sole proximate cause of the accident and Misseldine's resulting injuries.
 {¶ 3} The accident in question occurred in Honolulu, Hawaii. Misseldine was a resident of the State of Hawaii and was employed by Progressive Hawaii Insurance Corporation ("Progressive Hawaii") as a claims examiner. At the time of the accident, he was not acting in the scope of his employment with Progressive Hawaii. Progressive Hawaii was incorporated under the laws of the State of Hawaii and maintained its principle place of business in Hawaii. Progressive Hawaii is a wholly-owned subsidiary of The Progressive Corporation. The vehicle in which Misseldine was traveling was registered and garaged in Hawaii.
 {¶ 4} At the time of the accident, the tortfeasor was insured under a policy of insurance issued by Island Insurance Company. Island Insurance tendered the limits of the tortfeasor's policy in the amount of $35,000, and on March 29, 1998, Misseldine executed a release and indemnification agreement with Island Insurance in consideration of their payment.
 {¶ 5} Because the tortfeasor's policy limits did not fully compensate Misseldine for his injuries, he sought additional coverage under his personal motorist carrier, GIECO. GIECO determined that the tortfeasor was uncollectable and authorized Misseldine to accept the tortfeasor's policy limits. Thereafter, GIECO tendered Misseldine's personal underinsured limits in the amount of $25,000. In exchange for his personal policy limits, Misseldine executed a release and indemnification agreement with GIECO.
 {¶ 6} Next, Misseldine sought compensation under his employer's policy of insurance. At the time of the accident, Progressive Hawaii was an insured under a policy of insurance issued by Progressive Max Insurance Company ("Progressive Max"). The Progressive Max policy of insurance provided various coverages in all 50 states. The policy provided one million dollars in UM/UIM coverage. Misseldine alleges that he notified Progressive Max that it was his intent to seek further UM/UIM coverage pursuant to the Progressive Max policy. He further alleges he notified Progressive Max of his intent prior to releasing the tortfeasor. Specifically, he contends he contacted Progressive Max on September 8, 1999, September 25, 1999, and September 30, 1999 with regard to protecting Progressive Max's subrogation rights against the tortfeasor. Despite his efforts, Progressive Max denied UM/UIM benefits under the instant policy.
 {¶ 7} In failing to obtain satisfaction from Progressive Max, Misseldine filed the instant action against Progressive Max alleging that it acted in bad faith and breached its fiduciary duties by denying his claim for UM/UIM benefits under the policy. The parties submitted motions for summary judgment and, on August 20, 2002, the lower court issued an order denying Misseldine's motion for summary judgment and granting Progressive Max's motion for summary judgment.
 {¶ 8} In granting Progressive Max's motion, the lower court determined that the automobile accident underlying Misseldine's claim for UM/UIM benefits occurred in Hawaii and that the substantive law of Hawaii would apply to interpret the provisions of the policy. Under Hawaii law, the policy was not ambiguous with respect to who is an insured; therefore, Misseldine was precluded from collecting UM/UIM benefits under the policy. Additionally, the lower court determined that Misseldine was precluded from recovering because he had destroyed Progressive Max's subrogation rights by settling with the tortfeasor without notice to or consent from Progressive Max.
 {¶ 9} Misseldine appeals and asserts two assignments of error for this court's review. His first assignment of error states:
 {¶ 10} "I. The trial court erred in applying Hawaii substantive law to interpret a contract of insurance that was negotiated, executed and issued in Ohio between two Ohio Corporations."
 {¶ 11} The appellant contends that Ohio substantive law, not Hawaii substantive law, governs the policy of insurance in the case at hand. The Ohio Supreme Court, in Ohayan v. Safeco Ins. Co. of Illinois
(2001), 91 Ohio St.3d 474, enunciated the choice of law standard. The syllabus of Ohayan states:
 {¶ 12} "1. An action by an insured against his or her insurance carrier for payment of underinsured motorist benefits is a cause of action sounding in contract, * * *.
 {¶ 13} "2. Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)."
 {¶ 14} We initially note that Hawaii, like most other states in this nation, has rejected the analysis of the Ohio Supreme Court that supports Scott-Pontzer, supra. See Foote v. Royal Ins. Co. of America
(1998), 88 Haw. 122, 962 P.2d 1004; Mossman v. Transamerica Ins. Co.
(D.Hawaii 1993), 816 F. Supp. 633, aff'd (9th Cir. 1994), 28 F.3d 107.
 {¶ 15} UM/UIM coverage in the state of Hawaii is governed by HRS431:10C-301, the applicable version of which provides in pertinent part:
 {¶ 16} "(b) A motor vehicle insurance policy shall include:
 {¶ 17} "* * *
 {¶ 18} "(3) With respect to any motor vehicle registered orprincipally garaged in this State, liability coverage provided therein or supplemental thereto, in limits for bodily injury or death set forth in paragraph (1), under provisions filed with and approved by the commissioner, for the protection of persons insured thereunder * * *." (Emphasis added).
 {¶ 19} Ohio UM/UIM coverage is governed by R.C. 3937.18, the applicable version of which provides in pertinent part:
 {¶ 20} "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicleregistered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 {¶ 21} "(1) Uninsured motorist coverage * * *
 {¶ 22} "(2) Underinsured motorist coverage * * *." (Emphasis added).
 {¶ 23} The Progressive Max policy in question is a fleet policy of insurance which covers various corporate entities that are located in multiple states. Additionally, the policy in question contains a comprehensive list of over 88 forms and endorsements applicable to the policy in question that enumerates the rights and responsibilities of the parties in regard to each specific state of the union that coverage is afforded or contemplated.
 {¶ 24} The pertinent provisions of the Progressive Max policy are as follows:
 {¶ 25} "1) The Progressive Max policy provides automobile liability coverage for any auto with a combined single limit (CSL) of $1 million per accident.
 {¶ 26} "2) The Progressive Max policy provides UM/UIM coverage for `owned autos' and `hired autos' with a CSL of $1 million per accident.
 {¶ 27} "3) The Progressive Max policy includes Business Auto Coverage Form No. CA 00 01 12 93 which provides, in part:
 {¶ 28} "Business Auto Coverage Form
 {¶ 29} "Various provisions of this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
 {¶ 30} "Throughout this policy the words `you' and `yours' refer to the Named Insured shown in the Declarations. The words `we,' `us' and `our' refer to the Company providing this insurance.
 {¶ 31} "* * *
 {¶ 32} "Section IV — Business Auto Conditions
 {¶ 33} "The following conditions apply in addition to the Common Policy Conditions:
 {¶ 34} "A. Loss Conditions
 {¶ 35} "* * *
 {¶ 36} "2. Duties in the event of accident, claim, suit or loss
 {¶ 37} "a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss.'
 {¶ 38} "* * *
 {¶ 39} "4) The Progressive Max policy includes Ohio Uninsured Motorist Coverage — Bodily Injury Endorsement No. CA 21 33 03 95 which provides, in part:
 {¶ 40} "For a covered `auto' licensed or principally garaged in, or `garage operations' conducted in Ohio, this endorsement modifies insurance provided under the following:
 {¶ 41} "Business Auto Coverage Form
 {¶ 42} "* * *."
 {¶ 43} In reviewing the policy in question, the Progressive Max policy does not contain any Hawaii-specific change endorsements. Rather, the policy does contain the noted Ohio Uninsured Motorist Coverage — Bodily Injury Endorsement. Accordingly, the Ohio UM/UIM endorsement provides that it is only applicable with respect to covered autos registered or principally garaged in Ohio. Further, we note that R.C. 3937.18 is only applicable to vehicles registered and/or principally garaged in Ohio.
 {¶ 44} In Jarvis v. State Farm Mut. Auto Ins. Co. (Dec. 30, 1993), Cuyahoga App. No. 64597, we stated:
 {¶ 45} "[R.C. 3937.18] expressly applies to policies delivered in Ohio to insure vehicles registered or principally garaged in Ohio. The statute does not purport to * * * insure automobiles registered and garaged elsewhere."
 {¶ 46} Section 188(1) of the Restatement of Law 2d, supra, provides that the parties' rights and duties under a contract are "determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." Id. at 575. To assist in making this determination, Section 188(2)(a) through (e) specifically provides that courts should consider the place of contracting, the place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation, and the place of business of the parties. Id.
 {¶ 47} Further, in Ohayan, supra, the Ohio Supreme Court, found that the rights created by an insurance contract should also be determined "by local law of the state which the parties understood was to be the principle location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has more significant relationship * * * to the transaction and the parties."91 Ohio St.3d at 479, quoting Restatement of Conflicts at 610, Section 193. "An insured risk, namely the object or activity which is the subject matter of the insurance, has its principle location * * * in the state where it will be during at least the major portion of the insurance period." Restatement at 611, Section 193, Comment b. "[T]he principle location of the insured risk described in Section 193 neatly corresponds with one of Section 188's enumerated factors — the location of the subject matter of the contract." Ohayan, 91 Ohio St.3d at 480.
 {¶ 48} In applying Section 188 and 193 of the Restatement to the facts of the instant matter, we cannot endorse the appellant's contention that Ohio substantive law applies. The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties. Ohayan, 91 Ohio St. 474.
 {¶ 49} Under the facts of the instant matter, Hawaii clearly has the most significant relationship to the transaction and the parties with respect to UM/UIM coverage for damages arising from the accident. The main issue is the state in which the vehicle was principally garaged at the time of contracting not at the time of any subsequent action. Estateof Ralston v. Metro. Prop. Cas. Ins. Co., 146 Ohio App.3d 360
[146 Ohio App.3d 630]. Further, Hawaii has an overriding public policy interest which dictates that Hawaii law shall apply. As previously stated, HRS 431:10C-301, Hawaii's UM/UIM statute, applies to "any motor vehicle registered or principally garaged in this State," while, R.C. 3937.18, the applicable Ohio UM/UIM statute, applies to "any motor vehicle registered or principally garaged in this State." SeeJarvis, supra; Henderson v. Lincoln Nat'l Speciality Co. (1994),68 Ohio St.3d 303.
 {¶ 50} In accordance, the Ohio UM/UIM endorsement expressly applies only to vehicles registered and/or principally garaged in Ohio; therefore, it is not applicable to UM/UIM coverage for an accident that occurred in Hawaii, while the appellant was traveling in his personal vehicle, which was registered and garaged in Hawaii. See Troutman v.Hartford Fire Ins. Co. (Nov. 14, 2001), Summit App. No. 20583.
 {¶ 51} In light of the facts and abundant case law, we find no merit to the appellant's first assignment of error. The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties. Clearly, Hawaii has the most significant relationship to the transaction and the parties with respect to UM/UIM coverage for damages arising from the accident. Further, if we were to endorse the appellant's contention that Ohio substantive law applies, this court would in effect be allowing any person injured in an accident, in any state, to seek UM/UIM coverage pursuant to Scott-Pontzer simply because Progressive's wholly-owned subsidiaries were covered under a policy of insurance issued at Progressive's company headquarters in Ohio. This contention is without reason and against common sense.
 {¶ 52} The appellant's second assignment of error states:
 {¶ 53} "II. The trial court erred in denying Misseldine's motion for summary judgement and granting Progressive's motion for summary judgment where the undisputed evidence demonstrates Misseldine is an insured under the policy as a matter of law, entitled to UM/UIM benefits for injuries he sustained in the accident at issue."
 {¶ 54} Since we have determined that Hawaii substantive law applies under the appellant's first assignment of error, the appellant's argument with regard to coverage afforded pursuant to Scott-Pontzer under the instant assignment of error is hereby rendered moot.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., concur.