Connolly, Thomas E., J.
The plaintiff, Hingham Mutual Fire Insurance Company (Hingham Mutual), brought this action against the defendants, Michael Gee, Qi Ming Zhang, Wan Xing Gee, and Wanna Ma Gee, individually and as next friend of Edwin Gee and Jennifer Gee, for a declaratory judgment that Hingham Mutual has no contractual duty to: (1) defend Michael Gee and Qi Ming Zhang against Wan Xing Gee, Wanna Ma Gee, Edwin Gee, and Jennifer Gee’s claims or (2) pay Wan Xing Gee, Wanna Ma Gee, Edwin Gee, and Jennifer Gee’s claims. This matter is before the Court on Hingham Mutual’s motion for summary judgment. For the following reasons, the motion is DENIED.

BACKGROUND

The relevant, undisputed facts, and the disputed facts in the light most favorable to the non-moving party, as revealed by the summary judgment record, are as follows.
Wan Xing Gee and Michael Gee are brothers. Michael Gee and Qi Ming Zhang are married and have two young children. Michael and Qi Ming are the record owners of a two and one-half story, two-family home located at 17 Ashford Street in Allston, Massachusetts. They are also the named insureds on homeowners’ insurance issued by Hingham Mutual for 17 Ashford Street.
Wan Xing Gee and Wanna Ma Gee are also married. Wan Xing married Wanna Ma in 1999 and she moved in with him at that time. They have two children, bom in 2001 and 2002. The record is disputed as to how long Wan Xing lived at 17 Ashford Street before he married Wanna Ma.
Inside the main entrance to 17 Ashford Street there are two separate interior doors to Apartments One and Two. Apartment One is a three-bedroom apartment. A common living area and two bedrooms are on the first floor and a third bedroom is on the second floor. The third bedroom is accessible via an interior stairway within Apartment One. Michael Gee and Qi Ming Zhang rented Apartment One to non-family tenants at all relevant times. The tenants pay $1,500 per month as rent.
Apartment Two is a four-bedroom apartment that covers the second and third floors. A living room, kitchen, dining room, bathroom, and one bedroom are located on the second floor and three bedrooms and a bathroom are located on the third floor. The second and third floors are connected by a stairway going from a second-floor hallway to a third-floor hallway. Michael, Qi Ming, and their children reside in one bedroom on the third floor. Wan Xing and Michael’s parents reside in a bedroom on the third floor as well. The third bedroom on the third floor is utilized as a guest bedroom and for storage. Wan Xing, Wanna Ma, and their children resided in the bedroom on the second floor.
Wan Xing’s children remained on the second floor only, as the third floor windows did not have any fall protections, and Michael did not want the children to cause a mess on the third floor. The defendants also allege that the children did not go to the third floor in order to respect each family’s privacy. Hingham Mutual asserts that Wan Xing and his family seldom utilized the lock on their bedroom door. The defendants, however, allege that Wan Xing and Wanna Ma locked their bedroom door from the inside when they were sleeping. Wan Xing and Wanna Ma also assert that they locked the door from the outside with a key when they were at work.
Hingham Mutual and the defendants dispute the parties’ use of the second floor common areas. All persons living in Apartment Two had access to the second floor’s kitchen, dining room, and living room. Hingham Mutual asserts that Michael and Wan Xing’s *435 respective families often cooked, ate, and cleaned together. The defendants, however, allege that Michael and Wan Xing’s families seldom ate together, each prepared food for their own family’s use, and maintained their own cooking supplies and dishware. Apartment Two has one washing machine, located in the kitchen. The defendants allege that Wan Xing and Wanna Ma took their family’s laundry to a laundromat and, therefore, did not, as Hingham Mutual states, share use of the washing machine with Michael’s family.
Wan Xing paid his brother $200 per month from 1999 to mid-2001 and $300 per month from mid-2001 to 2003. Michael and Qi Ming paid all gas, electricity, telephone, and water bills for 17 Ashford Street. Wan Xing further asserts that his monthly payments to his brother constituted “rent” for use of the second floor bedroom and bathroom and that he and Wanna Ma paid all costs of food, clothing, and medical care for their individual family. The defendants all allege that they viewed Apartment Two as being divided into two separate living spaces, except for designated common areas, and that each families’ bedroom and bathroom were for their exclusive use only.
The defendants also allege that the living arrangement in Apartment Two was not intended to be permanent. Michael and Qi Ming encouraged Wan Xing and Wanna Ma to move out.
On October 15, 2003, Wan Xing Gee was rendered paraplegic when a large tree located on the premises at 17 Ashford Street fell on him. Subsequently, Wan Xing and Wanna Ma, individually and on behalf of their children, brought suit in Suffolk Superior Court (Civil Action No. 2006-1900) alleging that Michael and Qi Ming were negligent in their care and maintenance of the tree that fell on Wan Xing. Hingham Mutual is defending Michael and Qi Ming in that suit subject to a reservation of the right to withdraw its defense based on Michael and Qi Ming’s policy exclusion for relatives residing in the same household as the named insureds.
The policy designates the “Insured” as: “you” (Michael and Qi Ming); “your relatives if residents of your household”; and “persons under the age of 21 in your care or in the care of your residential relatives.” The policy excludes coverage for: “bodily injury to you [the named insured(s)], and if residents of your household, your relatives and persons under the age of 21 in your care or in the care of your resident relatives.”
Hingham Mutual alleges that Wan Xing is an “insured” within the meaning of Michael and Qi Ming’s insurance policy and, therefore, the policy does not cover his bodily injuries from the tree accident.

DISCUSSION

The court shall grant summary judgment where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r. of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id.
At issue in the present case is the meaning of the phrase “your relatives if residents of your household” in Hingham Mutual’s insurance policy for 17 Ashford Street. Hingham Mutual argues that because Michael, Qi Ming, and their children and Wan Xing, Wanna Ma, and their children lived in the same apartment that they are residents of the same household within the meaning of the insurance policy. The defendants, however, argue that each brother’s family maintained the apartment as two separate, financially independent households co-existing in a small space.
The Supreme Judicial Court examined similar language in an automobile insurance policy in Vaiarello v. Hanover Ins. Co., 409 Mass. 523, 526 (1991). The Vaiarella case involved whether a mother was a member of her son’s household within the meaning of her son’s insurance policy. Id. The policy defined “household member” as “anyone living with [the insured] who is related by blood, marriage or adoption.” Id. In Vaiarella, as in the present case, there was no dispute as to the mother and son’s status as blood relatives. Id. at 523-26; see also Andrade v. Aetna Life & Cas. Co., 35 Mass.App.Ct. 175, 178 (1991) (stating that the “term ‘relative’ has been defined as ‘a person connected with another by blood or affinity’ ”) (quoting Black’s Law Dictionary 1289 (6th ed. 1990)). In addressing the meaning of “household member,” the Vaiarella Court stated that “modem society presents an almost infinite variety of possible domestic situations and living arrangements” and that it is, therefore, impossible for the term “household” to have a “precise or inflexible meaning.” Id. at 526-27. The Court thus concluded that “(a)nalysis of the issue necessarily must proceed on a case-by-case basis with an evaluation and balancing of all relevant factors.” Id. at 527.
Vaiarella, however, must be distinguished from the present case in that the policy provision at issue was mandated by statute and thus not subject to the usual rule that policy ambiguities be construed against the drafter/insurer. Id. at 526 (citing Bilodeau v. Lumbermens Mut. Cas. Co., 392 Mass. 537, 541 (1984)); see also Hingham Mut. Fire Ins. Co. v. Mercurio, 71 Mass.App.Ct. 21, 24 (2008) (“Where . . . there is more than one rational interpretation of policy language, ‘the insured is entitled to the benefit of the one that is more favorable to it,’ ” quoting Hakim v. Mass. *436 Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997)). The rule is intended “to encourage insurers to be as clear and explicit as possible” in drafting policy language. Hingham Mut. Fire Ins. Co., 71 Mass.App.Ct. at 24. Thus, the defendants should be “entitled to a more generous construction of the [policy’s] terms . . . [because Hingham Mutual] had the ability, lacking in the automobile insurance context, to draft the policy so that the term ‘household’ had but one clearly defined meaning.” Metro. Prop. & Cos. Ins. Co. v. Morel, 60 Mass.App.Ct. 379, 383 (2004) (construing near identical policy language to the present case and rejecting insurer’s argument that determining household membership is as straight-forward as whether persons live under the same roof).
Both VaiareUa and Metropolitan Property followed the same highly fact-specific approach to determine whether the party claiming benefits was a household member within each policy’s definition. See 409 Mass. at 527 (stating that the court must examine the facts on a case-by-case basis); 60 Mass.App.Ct. at 382. The relevant, nonexclusive factors discussed in VaiareUa. include: the plaintiffs intent to become a member of her son’s household, receipt of mail and storage of possessions at the insured’s house, and financial dependence. See 409 Mass. at 527-30; see also Metro. Prop. & Cas. Ins. Co., 60 Mass.App.Ct. at 383 (stating that the VaiareUa factors are “nonexclusive”). “Economic dependence is of significance . . . [as] it is normally to be expected that, when one member of a family provides financially for other members of the family, that person will also provide insurance coverage for those other members of the family.” Vaiarella, 409 Mass. at 529. Such an expectation is weakened where the relatives are financially autonomous and “is further weakened when [the facts] involve[ ] relatives for whom there is no legal responsibility to provide.” Id.
Here, there are a number of factors supporting a determination that Wan Xing, Wanna Ma, and their children were members of the insureds’ household, including the fact that the two families shared the same unit in a two-family house and shared common living space. See, e.g. Vaiarella, 409 Mass. at 527-30; Metro. Prop. & Cos. Ins. Co., 60 Mass.App.Ct at 383-84. There is, however, a significant dispute of material fact as to the extent of Wan Xing’s financial dependence on his brother and the two families’ day-to-day interaction with each other. See id. Wan Xing’s financial dependence on his brother is a particularly relevant factor, as his brother had no legal responsibility to provide for him. See Vaiarella, 409 Mass. at 529; Cf. Merrimack Mut. Fire Ins. Co. v. Almeida, Civil No. 02-0017 (Essex Superior Ct. Feb. 20, 2004) (Lowy, J.) [17 Mass. L. Rptr. 303] (granddaughter in grandparents’ legal custody considered part of grandparents’ household).
Accordingly, Hingham Mutual is not entitled to summary judgment, as there are genuine issues of material fact in dispute. See Mass.R.Civ.P. 56(c); Pederson, 404 Mass. at 17.

ORDER

For the foregoing reasons, it is ORDERED that plaintiff Hingham Mutual Fire Insurance Company’s motion for summary judgment is DENIED, as there are genuine issues of material fact in dispute.