Argued and submitted July 20, affirmed August 29, reconsideration denied October 17, petition for review denied November 6, 1990 (310 Or 547)

Richard MEYER,
*Appellant,*

*v.*

AMERICAN ECONOMY INSURANCE CO.,
*Respondent.*

(88-12-90; CA A62997)

796 P2d 1223

Ben C. Fetherston, Jr., Salem, argued the cause for appellant. With him on the briefs were Clark, Lindauer, McClinton, Krueger, Fetherston & Edmonds, Salem, and Peter Glazer and Glazer, Curtright & Wagner, P.C., Lake Oswego.

Duane Vergeer, Portland, argued the cause for respondent. On the brief were Norma S. Poitras and Cosgrave, Vergeer & Kester, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff is an employee and the principal shareholder of a corporation, and defendant is the corporation's motor vehicle insurer. Plaintiff was injured when an uninsured motorist struck him while he was riding his own bicycle on personal business. He brought this action, seeking damages and a declaration that he is entitled to coverage under the uninsured motorist provisions of the insurance policy issued to the corporation by defendant. The trial court denied plaintiff's motion for summary judgment, allowed defendant's and entered judgment for defendant. Plaintiff appeals and assigns error to the rulings on the summary judgment motions.[1] We affirm.

■ The insurance policy defines the term "you," for purposes of bodily injury coverage under the uninsured motorist provisions, to mean "the person or organization shown as the named insured in * * * the declaration." The corporation is the only named insured designated in the policy or any schedules. The policy gives the following description of "who is insured":

"1. **You** or any **family member**.

"2. Anyone else **occupying** a covered **auto** or a temporary substitute for a covered **auto.** The covered **auto** must be out of service because of its breakdown, repair, servicing, **loss** or destruction.

"3. Anyone else **occupying** an **auto you** are operating.

"4. Anyone for damages he is entitled to recover because of **bodily injury** sustained by another **insured.**" (Emphasis in original.)

"Family member" means, as relevant, "a person related to you by blood, marriage or adoption who is a resident of your household."

Plaintiff argues that the coverage for the named insured and family members, which he refers to as "category one coverage," is a nullity under this contract if it is read literally. The corporation cannot suffer bodily injury and cannot have "family members" as the term is defined. Nevertheless, plaintiff asserts, defendant charged a premium for category one coverage. Therefore, *some* coverage of that kind

---

[1] He also makes a third assignment that does not warrant discussion.

must be read into the contract, and plaintiff asks us to conclude that he should be treated, in effect, as a "named insured" and allowed to recover for his injuries sustained in the accident. He explains:

> "The uninsured motorist coverage provisions of the policy are ambiguous because the language has no apparent meaning. The trial court should have either construed the language against the Defendant in favor of finding coverage or denied summary judgment and allowed Plaintiff's case to proceed to a jury trial."

We do not agree that there is an ambiguity, or at least one under which plaintiff can conceivably be regarded as a named insured, a family member or anyone else who comes within the category one coverage. Even if, as plaintiff contends, there is no category one coverage if the policy is read to mean what it unambiguously says, that does not create an ambiguity. If, as he also argues, defendant has collected premiums for coverage that does not exist,[2] that might provide the corporation with some form of remedy against defendant; it does not mean that plaintiff is covered. For similar reasons, plaintiff is not assisted by the host of arguments that he derives from rules of construction and policy-based considerations, *e.g.,* every provision in the policy must be deemed to mean something and the contractual language should be construed against defendant. There is simply nothing that *can* be construed in the way that he wants.

■ Plaintiff also argues that he is entitled to coverage because defendant did not comply with ORS 742.504(2)(a)(A),[3] which sets out recommended policy language defining "insured":

> "The named insured as stated in the policy and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either; provided, neither such relative nor spouse is the owner of a vehicle not described in the policy; and *provided further, if the named insured as stated in the policy is other than an individual or husband and wife*

---

[2] Defendant does not agree with plaintiff's conclusions on the premiums. By accepting the premises of plaintiff's arguments for purposes of discussion, we do not imply agreement or disagreement with any of them.

[3] At the time of the accident, the statute was codified as ORS 743.792(2)(a)(A).

*who are residents of the same household, the named insured shall be only a person so designated in the schedule; \* \* \*."* (Emphasis supplied.)

Plaintiff understands the emphasized language to mean that, when the named insured is a corporation rather than a natural person, there must also be a natural person designated as an insured in the schedule. Plaintiff does not argue, however, that he or anyone else in particular is required to be an insured under that statute, but only that some natural person must be. Plaintiff explains:

"[T]he statute cannot be construed as if the legislature intended to permit a corporate named insured, without naming an individual named insured for category one coverage. *This does not require that all shareholders of a corporation be named as the named insured. The statute only requires that some individual be named,* and this can be complied with by offering the insured the ability to name as few or as many individuals as the insured wishes." (Emphasis supplied.)

Without commenting on the merits of plaintiff's interpretation of the statute, the quoted statement shows why the statute as he interprets it could not aid him and, for that matter, why none of his arguments can succeed. Even if the policy has all of the defects that plaintiff ascribes to it, he does not show, and we cannot discern, any reason why *he* should be covered. He acknowledges in the emphasized language that his status as a shareholder and an employee is not such a reason. What his arguments come down to is that *someone* must be covered, and it might as well be he. We could as well hold that the policy covers the members of this court. Nothing that plaintiff says explains why everyone in the world could not make as strong a claim as his to be the putative missing "insured" under this policy.

Similarly, plaintiff is not assisted by his reliance on cases holding that a policy must be read to provide coverage that the law requires and that coverage that an insurer was required to and failed to offer is deemed to exist. Defendant was not required to cover plaintiff or to offer him coverage.

Affirmed.