**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0246n.06
Filed: May 8, 2008

07-1866

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| RONNIE LEFF, individually and as | ) | THE EASTERN DISTRICT OF |
| trustee of the Ronnie H. Leff 2005 | ) | MICHIGAN |
| Family Trust, LESLIE LEFF, | ) | |
| individually and as trustee of the Leslie | ) | |
| Jan Leff Family Trust, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

Before: DAUGHTREY, COOK, and FARRIS,[*] Circuit Judges.

FARRIS, Circuit Judge.

Ronnie and Leslie Leff, individually and as trustees of family trusts in their

names, appeal the district court's grant of summary judgment in favor of Keybank

---

[*]The Hon. Jerome Farris, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

National Association. The Leffs contend that the district court misconstrued several payment guaranties and expanded the scope of their liability as guarantors. The Leffs also contend that the admission of an email into evidence violated Federal Rule of Evidence 408. We affirm.

**I**

We review de novo "[q]uestions of contract interpretation, including those that form the basis for the grant of summary judgment." Royal Ins. Co. v. Orient Overseas Container Line Ltd., 514 F.3d 621, 634 (6th Cir. 2008) (citation omitted).

The Leffs contend that the court must read the construction loan agreements, promissory notes, and payment guaranties together. "Contracts of guaranty are to be construed like other contracts. . . ." Morris & Co. v. Lucker, 158 Mich. 518, 519 (Mich. 1909).[1] "Where one writing references another instrument for additional contract terms, the two writings should be read together." Forge v. Smith, 458 Mich. 198, 207 (1998). They contend that the payment guaranties must be read with the contemporaneously formed construction loan agreements and promissory notes that also refer to each other.

The Leffs further urge the court to limit the scope of the guaranties based on section 4.1(a) of the construction loan agreements. "[U]nambiguous contracts are not

---

[1]     Michigan law applies to this diversity action.

2

open to judicial construction and must be <u>enforced as written</u>." <u>Id.</u> at 467 (emphasis in original). Nothing in the relevant contracts requires us to consider the language of section 4.1(a) to ascertain the scope of guaranties. The plain language is unambiguous. <u>See id.</u> The Leffs agreed to guarantee their share of the full amount of the promissory notes and loans.

Moreover, nothing in section 4.1(a) demonstrates its relevance to the payment guaranties. Section 4.1(a) refers only to KeyBank's maximum loan obligation and is not a limitation on the guaranty. A "contract should not be given a forced, unnatural or unreasonable construction which would extend or restrict the [contract] beyond what is fairly within its terms, or which would lead to an absurd conclusion or render the [contract] nonsensical and ineffective." <u>Mich. Twp. Participating Plan v. Pavolich</u>, 591 N.W.2d 325, 329 (Mich. Ct. App. 1998). The Leffs' construction of the relevant contracts would lead to an "absurd conclusion." <u>Id.</u>

**II**

The Leffs contend that the district court erroneously admitted an email that included settlement-related information.

We review the district court's denial of a motion to strike evidence for abuse of discretion. <u>See</u> <u>Seay v. Tenn. Valley Auth.</u>, 339 F.3d 454, 480 (6th Cir. 2003).

Rule 408 bars admission of evidence that is "offered to prove liability for . . .

3

furnishing or offering or promising" to compromise a claim. Fed. R. Evid. 408(a)(1). It also excludes "conduct or statements made in compromise negotiations regarding the claim." Id. at 408(a)(2). Nothing suggests that this email falls within Rule 408. It was not part of a settlement negotiation, and it was not an offer to compromise. Further, the contents of the email do not bear on the interpretation of the relevant contracts.

**AFFIRMED.**