STATE OF MICHIGAN

 COURT OF APPEALS

PHILIP HEMPEL and KATHERINE HEMPEL, UNPUBLISHED
 November 25, 2014
 Plaintiffs-Appellees,

v No. 316483
 Berrien Circuit Court
JUSTINE NSUMBA and RONALD NTABAAZI, LC No. 11-000299-NI

 Defendants,

and

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

 Defendant-Appellant.

Before: BOONSTRA, P.J., and DONOFRIO and GLEICHER, JJ.

PER CURIAM.

 Defendant1 appeals by right a conditional judgment entered in favor of plaintiffs after the
trial court denied defendant’s motion for summary disposition. In denying summary disposition,
the trial court determined that the insurance policy that defendant had issued to plaintiff Philip
Hempel (“Philip”) provided underinsured motorist coverage under the circumstances of this case.
We reverse and remand for entry of summary disposition in favor of defendant.

 I. PERTINENT FACTS AND PROCEDURAL HISTORY

 On May 7, 2010, defendant issued Philip an automobile insurance policy that provided
him with, among other coverages, uninsured motorist coverage. It is undisputed that the
uninsured motorist coverage applied to circumstances where the insured under the policy,
including Philip and his wife, plaintiff Katherine Hempel, were entitled to recover from the
owner or operator of an uninsured automobile. The policy also included an endorsement that

1
 We use “defendant” in this opinion to refer to defendant-appellant Farm Bureau General
Insurance Company of Michigan.

 -1-
provided Philip with underinsured motorist coverage (“the endorsement”). The relevant portion
of the endorsement provides:

 For your covered auto, this endorsement modifies insurance provided under [the
 uninsured motorist coverage portion of the policy].

 A. Coverage and Amended Definition

 Coverage is extended for an underinsured automobile by this endorsement. For
 this coverage, the definition of an uninsured automobile is amended to mean an
 auto operated on a public highway that is an underinsured automobile.

The “covered auto[s]” under the policy were a 1997 Cadillac Deville and a 1979 Ford Pickup.

 On October 11, 2010, Philip was involved in a head-on collision while he was driving a
Volvo taxi cab in Niles, Michigan. Plaintiffs filed suit, claiming that defendant was required to
provide them with underinsured motorist benefits because the financial cost of Philip’s injuries
exceeded the policy limit of the insurance coverage of the person who struck Philip.2 Defendant
moved for summary disposition, arguing that it was not required to pay underinsured motorist
benefits because the underinsured motorist coverage endorsement in this case expressly states
that the endorsement is “[f]or your covered auto,” and the vehicle Philip was driving at the time
of the accident was not a “covered auto” under the insurance policy. In response, plaintiffs
argued that while the underinsured motorist coverage endorsement begins by stating that it is
“[f]or your covered auto,” the remainder of the endorsement applies portions of the uninsured
motorist coverage provision to claims for underinsured motorist coverage.3 The insurance
policy provides uninsured motorist coverage in circumstances where the “insured” is legally
entitled to compensatory damages, and does not limit coverage to a “covered auto.” On that
basis, plaintiffs argued that the endorsement similarly applies underinsured motorist coverage to
the “insured” under the policy, just as uninsured motorist coverage applies to the “insured” under
the policy; and that the fact that the Volvo was not a “covered auto” under the policy is equally
irrelevant under the underinsured motorist coverage endorsement as it is under the uninsured
motorist coverage provision. The trial court agreed with plaintiffs, holding that the policy
entitled plaintiffs to underinsured motorist coverage from defendant because it was “akin” to the
uninsured motorist coverage provision. The trial court held that the “coverage is extended”

2
 Defendant, as the liability insurer for the driver who struck Philip, paid Philip $100,000—the
limit of that policy—which is not at issue in this appeal. Philip’s personal injury protection (PIP)
benefits are the subject of a separate lawsuit and are also not at issue in this appeal. This appeal
only relates to claimed underinsured motorist benefits.
3
 The policy defines an “underinsured automobile” as an automobile to which a bodily injury
liability policy that meets the minimum amounts required by the law of Michigan applies, but the
limits of that policy are less than an injured person is legally entitled to recover for bodily injury.
The policy defines an “uninsured automobile” as one to which no bodily injury liability policy
applies.

 -2-
language of the underinsured motorist coverage endorsement extended coverage not to the
“covered autos” under the policy, but to the “insured.” The trial court discussed the effect of the
phrase “[f]or your covered auto” in the endorsement as follows:

 So, I would also find that if, in fact, it was Farm Bureau’s intent to limit uninsured
 or underinsured coverage only to a vehicle involved in the accident, that that’s
 what they should have said, if that vehicle was in fact the covered vehicle. I don’t
 even see - see or find where this little heading up here, “For your covered auto,”
 it’s almost not even part of the actual endorsement. The endorsement begins, “A,
 Coverage and Amended Definitions.”

 So, I guess my point is, on a separate basis, I can’t believe anybody
 reading this -- an ordinary person would have no idea that Farm Bureau meant to
 exclude coverage if the accident -- occur [sic] in the covered vehicle.

 What would be so hard by saying in the provision under A, B, C here,
 “Coverage is only extended to you or someone using the automobile with your
 permission if, in fact, the accident includes the covered auto in the declaration
 sheet”? I mean, it doesn’t say -- it doesn’t come close to saying that. There is a
 general reference in the header for your covered auto, which arguably isn’t even
 part of the actual endorsement. It would be like me buying health insurance but,
 “Oh, by the way, you’re only covered if you get sick while you’re on Third
 Street.” I paid the premium. I want the coverage. If you don’t want to offer me
 the coverage, don’t take my premium or don’t offer it.

 It’s not mandatory. I come into an insurance agent and I say, “I want
 underinsured and uninsured motorist coverage” and I’m willing to pay the
 premium, I better be covered, and if I’m not covered, it ought to be a very, very,
 very clear, bold, third-grade-education exclusion explaining to me in third-grade
 language, “Mr. Donahue, by the way, that underinsured and uninsured motorist
 coverage is only good to you if you are injured in an accident involving a covered
 auto listed in the declaration sheet.” This doesn’t come close to anything close to
 that. [Emphases added.]

The trial court entered an order denying defendant’s motion for summary disposition and entered
a stipulated conditional judgment (reserving defendant’s right to appeal the trial court’s summary
disposition ruling) in favor of plaintiffs in the amount of $375,000. This appeal followed.

 II. STANDARD OF REVIEW

 We review de novo questions involving the proper interpretation of a contract and the
legal effect of a contractual clause. Alpha Capital Mgt, Inc v Rentenbach, 287 Mich App 589,
611; 792 NW2d 344 (2010). The grant or denial of summary disposition under
MCR 2.116(C)(10) also is reviewed de novo to determine whether the moving party is entitled to
judgment as a matter of law. Maiden v Rozwood, 461 Mich 109, 118; 597 NW2d 817 (1999).

 -3-
 III. ANALYSIS

 On appeal, defendant argues that the trial court erred in ordering payment of plaintiffs’
claims under the underinsured motorist coverage endorsement in this case because that
endorsement expressly states that it is “[f]or your covered auto.” We agree.

 “[I]nsurance policies are subject to the same contract construction principles that apply to
any other species of contract.” Rory v Continental Ins Co, 473 Mich 457, 461; 703 NW2d 23
(2005). We must read an insurance contract as a whole and give meaning to all of its terms.
Auto-Owners Ins Co v Churchman, 440 Mich 560, 566; 489 NW2d 431 (1992). An insurance
contract’s language “is to be given its ordinary, plain meaning and technical, constrained
constructions should be avoided.” Singer v American States Ins, 245 Mich App 370, 374; 631
NW2d 34 (2001). “[C]ourts must . . . give effect to every word, phrase, and clause in a contract
and avoid an interpretation that would render any part of the contract surplusage or nugatory.”
Klapp v United Ins Group Agency, Inc, 468 Mich 459, 468; 663 NW2d 447 (2003).

 The first sentence of the underinsured motorist coverage endorsement in this case begins
with the modifying clause, “[f]or your covered auto.” This modifying clause immediately
precedes language indicating that the underinsured motorist coverage endorsement modifies
coverage that is provided under the uninsured motorist coverage portion of the policy. Thus, the
plain and ordinary meaning of the first sentence of underinsured motorist coverage endorsement
is that the endorsement modifies the uninsured motorist coverage portion of the policy to provide
extended coverage “[f]or your covered auto.” Singer, 245 Mich App at 374. Section A of the
endorsement further indicates that the coverage provided under the uninsured motorist portion of
the policy is extended to circumstances involving underinsured automobiles. Giving effect to
every word of the underinsured motorist coverage endorsement, Klapp, 468 Mich at 468, the
endorsement thus extends uninsured motorist coverage under the policy to circumstances
involving an underinsured motorist, but only “[f]or your covered auto.” To adopt plaintiffs’ (and
the trial court’s) proposed construction of the contract language, i.e., that the “your covered auto”
language is merely prefatory, would be to impermissibly render that language of the endorsement
surplusage or nugatory. Id.

 We do not find the language of the endorsement ambiguous. “A contract is ambiguous
when two provisions irreconcilably conflict with each other, or when [a term] is equally
susceptible to more than a single meaning.” Dancey v Travelers Prop Cas Co, 288 Mich App 1,
8; 792 NW2d 372 (2010) (quotations and citations omitted, emphasis and bracket in original).
“However, if a contract, even an inartfully worded or clumsily arranged contract, fairly admits of
but one interpretation, it may not be said to be ambiguous or fatally unclear.” Mich Twp
Participating Plan v Pavolich, 232 Mich App 378, 382; 591 NW2d 325 (1998). The phrase,
“[f]or your covered auto,” in its location in the endorsement, fairly admits of but one
interpretation—that the endorsement modifies the uninsured motorist coverage portion of the
policy “[f]or your covered auto.” Id. Plaintiff’s proffered interpretation of the language at issue
is the type of strained interpretation this Court must avoid when interpreting policy language.
See Royal Property Group, LLC v Prime Insurance Syndicate, Inc, 267 Mich App 708, 718; 706
NW2d 426 (2005). We therefore reject plaintiffs’ argument that the language at issue must be
construed with regard to the reasonable expectations of the insured and against the drafter of the
policy. See Farm Bureau Mut Ins Co v Nikkel, 460 Mich 558, 569; 596 NW2d 915 (1999)

 -4-
(“[T]he rule of reasonable expectations has no applicability here because no ambiguity
exists . . . .”).

 Because the accident in this case occurred while Philip was driving an automobile that
was not a “covered auto” under the insurance policy, plaintiffs were not entitled to underinsured
motorist coverage from defendant under the terms of the endorsement. The trial court erred in
denying defendant’s motion for summary disposition under MCR 2.116(C)(10).4 Gibson v
Neelis, 227 Mich App 187, 190; 575 NW2d 313 (1997) (summary disposition under
MCR 2.116(C)(10) is appropriate where the moving party is entitled to judgment as a matter of
law).

 Reversed and remanded for entry of summary disposition and judgment in favor of
defendant. We do not retain jurisdiction. As the prevailing party, defendant may tax costs.
MCR 7.219(A).

 /s/ Mark T. Boonstra
 /s/ Pat M. Donofrio
 /s/ Elizabeth L. Gleicher

4
 Our resolution of this issue renders it unnecessary to address defendant’s argument that the trial
court erred in applying Stoddard v Citizens Ins Co of Am, 249 Mich App 457; 643 NW2d 265
(2002). In any event, the record contains no indication that the trial court relied on Stoddard as a
basis for its decision, nor do plaintiffs argue that Stoddard supports their arguments on appeal.

 -5-