# STATE OF MICHIGAN

# COURT OF APPEALS

MATIFA CULBERT, JERMAINE WILLIAMS, and TEARRA MOSBY,

UNPUBLISHED
July 16, 2015

Plaintiffs-Appellees,

and

SUMMIT MEDICAL GROUP, LLC, INFINITE STRATEGIC INNOVATIONS, INC., and DOCTORS MEDICAL, LLC,

Intervening Plaintiffs,

v

STARR INDEMNITY & LIABILITY COMPANY,

No. 320784
Wayne Circuit Court
LC No. 12-013777-NF

Defendant-Appellant,

and

FARMERS INSURANCE COMPANY, also known as FARMERS INSURANCE EXCHANGE,

Defendant-Appellee.

Before: FORT HOOD, P.J., and SAAD and RIORDAN, JJ.

PER CURIAM.

In this no-fault insurance dispute, defendant Starr Co Indemnity and Liability Company (Starr Co) appeals by leave granted an order of the trial court denying its motion for summary disposition. We reverse and remand for entry of an order granting Starr Co's motion.

## I. FACTUAL BACKGROUND

-1-

On September 30, 2011, Tearra Mosby, Matifa Culbert, and Jermaine Williams (collectively, "the individual plaintiffs") were involved in a car accident while Mosby was driving her 2007 Chrysler PT Cruiser. Mosby was stopped at a stop sign and began to make a right turn. As she did, another car struck the front driver side of the PT Cruiser. The driver of the other vehicle fled from the accident in his car.

Starr Co subsequently denied benefits to the individual plaintiffs under a policy it had issued seven days prior to the accident. Mosby's then-boyfriend, Traves Fudge, had applied for the policy. Two vehicles were listed on the policy, a 2004 Chevrolet Suburban and Mosby's PT Cruiser. However, only Fudge was listed as a named insured under the policy. Both Mosby and Fudge were listed as drivers. In the application for the policy, Fudge represented that he owned all vehicles listed in the application, the Suburban and the PT Cruiser. However, it is undisputed that Mosby was the owner of the PT Cruiser, not Fudge.

The individual plaintiffs sued Starr Co for unreasonably failing to pay personal protection insurance (PIP) and uninsured motorist benefits. Starr Co moved for summary disposition, claiming that it was under no obligation under the policy to pay benefits. The trial court agreed with the individual plaintiffs and denied Starr Co's motion. Starr Co now appeals.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Starr Co contends that the trial court erred in denying its motion for summary disposition. "This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).[1] As our Supreme Court has explained:

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Id*. at 120.]

The proper interpretation of a contract is a question of law reviewed de novo on appeal. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003). "The proper

---

[1] Starr Co brought its motion pursuant to MCR 2.116(C)(8) and (C)(10). However, Starr Co attached documentary evidence to its brief, and the trial court appears to have considered this evidence when deciding the motion. Under such circumstances, we review the motion as decided under MCR 2.116(C)(10). *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

interpretation of a statute is a legal question that this Court also reviews de novo." *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010).

## B. PIP BENEFITS

"Insurance policies are contracts and, in the absence of an applicable statute, are 'subject to the same contract construction principles that apply to any other species of contract.' " *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012), quoting *Rory v Continental Ins Co*, 473 Mich 457, 461; 703 NW2d 23 (2005). This Court "enforce[s] contracts according to their terms, as a corollary of the parties' liberty of contracting." *Holland v Trinity Health Care Corp*, 287 Mich App 524, 526; 791 NW2d 724 (2010). A contract's terms are given "their plain and ordinary meanings." *Id*. at 527. However, no-fault insurance policies must be construed in a manner that complies with the no-fault act. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 257; 819 NW2d 68 (2012).

"Under the no-fault automobile insurance act, MCL 500.3101 *et seq*., insurance companies are required to provide first-party insurance benefits, referred to as personal protection insurance (PIP) benefits, for certain expenses and losses. MCL 500.3107; MCL 500.3108." *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). Pursuant to MCL 500.3114(1):

> Except as provided in subsections (2), (3), and (5),[2] a personal protection insurance policy described in [MCL 500.]3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. [Footnote added.]

Plaintiffs are not entitled to benefits from Starr Co pursuant to MCL 500.3114(1) as they are not named insureds. "As this Court has held, the 'person named in the policy' under MCL 500.3114(1) is synonymous with the 'named insured,' and persons designated merely as drivers under a policy . . . are neither named insureds nor persons named in the policy." *Stone v Auto-Owners Ins Co*, 307 Mich App 169, 175; 858 NW2d 765 (2014). Although Fudge and Mosby are listed as drivers under the policy, only Fudge is a named insured. Nor do the individual plaintiffs claim to be married to or relatives of Fudge. Accordingly, they are not entitled to no-fault benefits under MCL 500.3114(1). See *Stone*, 307 Mich App at 175.

The individual plaintiffs, however, contend that they are entitled to benefits from Starr Co under MCL 500.3114(4), which provides:

---

[2] MCL 500.3114(2), (3), and (5). None of these provisions are at issue here. MCL 500.3114(2) applies to operators and passengers of vehicles "operated in the business of transporting passengers . . . [,]"; MCL 500.3114(3) applies to employees and relatives of employees suffering injury "while an occupant of a motor vehicle owned or registered by the employer . . . [,]"; and MCL 500.3114(5) applies to accidents involving motorcycles.

Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied.

"[E]ven if the owner, registrant, or operator of a vehicle is not a named insured under a policy, the named insured's insurer may also constitute an 'insurer' of the owner, registrant, or operator under MCL 500.3114(4) if the policy expands the definition of 'insured person' beyond the named insured so that it includes those persons." *Stone*, 307 Mich App at 176-177.

It is undisputed that Mosby was both the operator and owner of the PT Cruiser. Thus, the relevant question is whether Starr Co is Mosby's insurer. See MCL 500.3114(4). "[F]or purposes of MCL 500.3114(4) [this] depends on the language of the relevant insurance policy." *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 532-533; 740 NW2d 503 (2007) (quotation marks and citation omitted).

Coverage for PIP benefits is conferred by Part B of the policy. The policy states:

B. **Insured** as used in this part means:

1. **you** or any family member;

2. any other person **occupying your covered auto**;

3. any other person injured because of an accident involving any other auto operated by **you** or any **family member**, and to which the **bodily injury** liability insurance of this Policy applies.

The policy defines "you" as:

1. the named insured listed in the Declarations Page; and

2. the spouse if a resident of the same household.

A "family member" is defined as "a person related to **you** by blood, marriage or adoption who is a resident of **your** household."

In this case, Mosby is not an "insured" under Part B(1) of the contract because she is neither "you" (the named insured, Fudge, or his spouse), nor one of Fudge's family members as defined under the policy. For the same reason, Mosby is not an insured under Part B(3). Under that section, an "insured" is an individual injured in an accident involving a vehicle "operated by you or any family member[,]" and Mosby is neither "you" nor a "family member" under the policy.

The remaining section, Part B(2), includes in the definition of "insured" "any other person occupying your covered auto." Thus, the question becomes whether the PT Cruiser meets the policy's definition of "your covered auto." Section B of the policy defines "your covered auto" as an auto:

1. to which the Liability Insurance Coverage of this Policy applies;

2. to which the Liability Insurance Coverage of this Policy applies, if it does not have the security required by the **Code**, and is operated but not owned by **you** or a **family member**.

The second sentence above does not apply because the PT Cruiser was not being operated by "you or a family member[]" at the time of the accident. This leaves only the first section of Part B as potentially providing coverage to occupants of the PT Cruiser.

Liability Insurance Coverage is governed by Part A of the policy. Under this part, Starr Co "will pay damages for **bodily injury** or **property damage** for which any **insured** becomes legally responsible because of an auto accident." Under Part A, an "insured" is defined as:

1. **you** and **your family members**.

2. any person using **your covered auto**.

3. any other person or organization with respect to legal liability for acts or omissions of:

   a. any person covered under this part while using **your covered auto**.

   b. **you** or any **family member** covered under this part while using any **auto** other than **your covered auto** if not owned or hired by that person or organization.

Thus, coverage only would be extended under Part A of the policy if the PT Cruiser meets Part A's definition of "your covered auto." Because Part A contains no separate definition of "your covered auto," the general definitions provided at the outset of the policy apply. Under the general definitions, "your covered auto" is defined as:

1. any **auto** shown in the Declarations Page owned by **you** or leased under a written agreement for a continuous period of at least 6 months;

2. any replacement **auto** on the date **you** become the owner, **you** must advise **us** within 14 days. The vehicle will have the same coverage as the vehicle it replaces.

3. any additional auto you acquire ownership of during the policy period, if

   a. **you** notify **us** within 14 days of its acquisition; and

b. as of the date of acquisition, **we** insured all **your** owned **autos**. **We** will not provide Other Than Collision and/or Collision coverage for **your** additional **auto** unless and until **you** request it within the required 14 days and have paid the premium for the coverage.

4. any **auto** not owned by **you** or a **family member** used temporarily. This auto must be a substitute for another vehicle described in this definition which has been withdrawn from normal use due to:

    a. breakdown;

    b. repair;

    c. servicing;

    d. loss; or

    e. destruction.

5. any **trailer you** own while it is attached to **your covered auto**.

The PT Cruiser plainly does not fall into the second, third, fourth, or fifth categories. Regarding the second and third categories, the PT Cruiser was never owned by "you," i.e., Fudge or his spouse. Regarding the fourth category, the PT Cruiser was not used temporarily as a substitute for another vehicle. Regarding the fifth category, the PT Cruiser was not a trailer attached to another vehicle. This leaves the first category above. To meet the definition stated in the first category, the vehicle must appear "in the Declarations Page" and be "owned by you or leased under a written agreement . . . ." While the PT Cruiser does appear in the declarations page, it was not owned by "you" because it was owned by *Mosby*, not Fudge or his spouse. Nor was the PT Cruiser leased.

Thus, the PT Cruiser does not meet the policy's definition of "your covered auto." Because the individual plaintiffs were not occupying a vehicle that meets the definition of "your covered auto," none of the individual plaintiffs meet Part B's definition of an "insured." Accordingly, none of the individual plaintiffs were insured under the policy, and Starr Co is not liable to pay their PIP benefits under MCL 500.3114(4). As such, the trial court erred when it denied Starr Co's motion for summary disposition.

Nevertheless, the individual plaintiffs argue that Mosby was a named insured under the policy. But they conflate the terms "named insured" and "driver." Mosby was named as a *driver*, but not a named insured, under the policy. As previously explained, naming an individual as a driver does not elevate their status to that of a named insured. See *Stone*, 307

Mich App at 175.[3]  Further, the policy was not ambiguous as the individual plaintiffs argue.  A contract is ambiguous if its provisions may be interpreted in conflicting ways.  *Klapp*, 468 Mich at 467.

A contract is not ambiguous "even [if] inartfully worded or clumsily arranged," if it "fairly admits of but one interpretation . . . ."  *Mich Twp Participating Plan v Pavolich*, 232 Mich App 378, 382; 591 NW2d 325 (1998).  As the above analysis demonstrates, the policy requires us to follow a convoluted trail, navigating through several provisions to decipher the coverage issue.  However, that journey does not render the policy ambiguous.  The provisions are not susceptible to conflicting interpretations, and accordingly, they are not ambiguous.  *Klapp*, 468 Mich at 467.

## C.  UNINSURED COVERAGE

Starr Co next contends that summary disposition is proper because the policy does not provide uninsured motorist benefits to the individual plaintiffs.  "Because providing [uninsured motorist] coverage is optional and not statutorily mandated under the no-fault act, the policy language alone controls the circumstances entitling a claimant to an award of benefits."  *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012).

Uninsured motorist coverage is provided by Part C of the policy.  The policy provides:

**We** will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

1.  Sustained by an insured; and

2.  Caused by an accident.

Thus, in order to be entitled to uninsured motorist benefits, one must be an "insured" under the policy.  Part C defines an "insured" as:

1.  **you** or a family member.

2.  any other person occupying your covered auto.

3.  any person for damages that person is entitled to recover because of **bodily injury** to **you**, a family member, or another occupant of your covered auto.

---

[3] On the basis of their belief that Mosby was a named insured, the individual plaintiffs also contend that the contract must be reformed to provide coverage pursuant to MCL 500.3114. Because Mosby was not a named insured under the policy, there is no apparent conflict.

Thus, for Starr Co to be liable for uninsured motorist coverage, the injured individual must meet the policy's definition of "you" or "family member," or have been an occupant of what the policy defines as "your covered auto."

Part C contains no separate definitions of "you," "family member," or "your covered auto." Thus, the general definitions provided at the outset of the policy control. None of the individual plaintiffs meet the definition of "you," as none of them are named insureds or a spouse of Fudge, who is the only named insured under the policy. Nor are any of the individual plaintiffs family members of Fudge, as none of the individual plaintiffs are related to Fudge by blood, marriage, or adoption. And as discussed *supra*, the PT Cruiser does not meet the policy's general definition of "your covered auto."

Accordingly, the policy does not provide uninsured motorist coverage to the individual plaintiffs.[4]

## III. CONCLUSION

The trial court erred in denying Starr Co's motion for summary disposition as under the terms of the insurance contract, Starr Co was not liable to pay the individual plaintiffs PIP benefits or uninsured motorist benefits. Reversed and remanded for entry of an order granting Starr Co's motion for summary disposition. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Henry William Saad
/s/ Michael J. Riordan

---

[4] Because the policy does not provide coverage to the individual plaintiffs, we decline to address Starr Co's alternative argument that it may rescind the policy due to fraud.