# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN INSURANCE COMPANY,

UNPUBLISHED
March 17, 2016

Plaintiff-Appellant,

v

No. 325424
Oakland Circuit Court
LC No. 2013-137095-NF

FEDERATED MUTUAL INSURANCE
COMPANY,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

Dustin Proffitt was seriously injured while operating a snow plow owned by his employer. The snow plow was covered by a no-fault policy issued by plaintiff, Michigan Insurance Company. Proffitt had a health insurance policy with defendant, Federated Mutual Insurance Company. Pursuant to its no-fault policy, Michigan Insurance Company paid for Proffitt's medical expenses arising out of the accident. It then sought reimbursement from defendant, asserting that because defendant was the health insurer it was the primary insurer for the medical expenses. Defendant refused to reimburse plaintiff asserting that the no-fault policy issued by plaintiff provided uncoordinated personal protection insurance (PIP) benefits. The trial court granted summary disposition in defendant's favor. We affirm.

Under the no-fault insurance act, no-fault insurers may offer, at a reduced premium rate, PIP benefits that are coordinated with benefits available from other health and accident coverage. MCL 500.3109a. When two or more no fault insurance policies cover a claim, the respective liabilities of the insurers are determined by each insurer's priority status and the existence of a coordination of benefits clause in any policy. Where the no-fault policy contains coordination of benefits clause exists, the health insurer is generally deemed the "primary" insurer for medical expenses in an automobile accident. *Tousignant v Allstate Ins Co*, 444 Mich 301, 307; 506 NW2d 844 (1993).

On appeal, plaintiff first argues that defendant lacked standing to challenge the terms of the no-fault policy because defendant was not a party to the contract.[1] The question of standing in a lawsuit seeks to "assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (quotation marks and citation omitted). "The interest in the litigation also assures the concrete adverseness required to sharpen the presentation for the court." *Allstate Ins Co v Hayes*, 442 Mich 56, 68; 499 NW2d 743 (1993). "[W]hen standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request adjudication of a particular issue . . . ." *Id*. (internal quotations omitted).

In *Allstate*, our Supreme Court addressed the issue of standing in a dispute over an insurance contract. In that case, the injured party was among the named defendants in a lawsuit brought by Allstate seeking a declaration that the policy did not provide coverage. *Id*. at 58. A default judgment was entered against Allstate's insured, and Allstate moved for summary disposition against the injured party. *Id*. at 59. The trial court found that the injured party lacked standing to challenge any ambiguities in the policy or the language of the policy because he was a non-party to the insurance contract. *Id*. at 60. In response, our Supreme Court noted, "[b]y initiating the declaratory judgment action and naming the injured persons as defendants, the insurance company should be deemed to have consented to a determination in that action of all matters that might be at issue between it and those persons arising from the controversy in question." *Id*. at 69, quoting 10A Wright, Miller & Kane, Federal Practice & Procedure, § 2768, pp 755-756. In other words, if a plaintiff names a defendant and asks the court to interpret an insurance policy, "the court possesse[s] the power to declare the rights of any interested party before it." *Id*. at 67. The Court ultimately held that "once Allstate pleaded and proved that an actual controversy existed between itself and [the injured party], the trial court possessed the power to make a declaration regarding the coverage provided by Allstate's policy," regardless of the fact that the defendant was not a party to the policy at issue. *Id*. at 75.

Similarly, in this case, plaintiff's complaint placed the no-fault policy in issue when it named defendant as the party responsible for the payment of benefits. Plaintiff's actions amounted to a concession that defendant has standing to dispute whether there is coordinated coverage under plaintiff's policy. Accordingly, we conclude that, because the content of the insurance policy was at issue in this lawsuit, defendant, as a named party, had standing to assert its defense.[2]

This brings us to the substantive question, i.e. whether the no-fault policy issued by plaintiff provided coordinated or uncoordinated PIP benefits or, as plaintiff alternatively argues, there is a material dispute regarding whether the intent of the parties to the insurance policy was

---

[1] "Whether a party has standing is a question of law that we review de novo." *Manuel v Gill*, 481 Mich 637, 642-643; 753 NW2d 48 (2008).

[2] Defendant has not claimed to have extrinsic evidence of the intent of the parties to the contract. Rather, defendant asserted that the intention was clearly indicated in the contractual language.

to provide coordinated PIP benefits.[3]  Plaintiff argues that the provisions in the policy stating that it provided coordinated "personal *property* protection" were typographical errors and should have read "personal injury protection."  We construe an insurance policy in the same manner as any other type of contract, giving its terms their "ordinary and plain meaning if such would be apparent to a reader of the instrument."  *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367; 817 NW2d 504 (2012), quoting *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 47; 664 NW2d 776 (2003).  "The primary goal in the interpretation of an insurance policy is to honor the intent of the parties."  *Tenneco Inc v Amerisure Mut Ins Co*, 281 Mich App 429, 444; 761 NW2d 846 (2008).  An ambiguity exists when two provisions irreconcilably conflict or when a term is equally susceptible to more than one meaning.  *Coates v Bastian Bros, Inc*, 276 Mich App 498, 503; 741 NW2d 539 (2007).  In other words, "[i]f a fair reading leads one to understand there is coverage under particular circumstances and another fair reading leads one to understand there is no coverage under the same circumstances, the contract is ambiguous and should be construed against the drafter and in favor of coverage."  *Mich Twp Participating Plan v Pavolich*, 232 Mich App 378, 382; 591 NW2d 325 (1998).  "However, if a contract, even an inartfully worded or clumsily arranged contract, fairly admits of but one interpretation, it may not be said to be ambiguous or fatally unclear."  *Id*.  Where the contract language is unambiguous, this Court cannot interpret it so as to create an ambiguity where none exists.  *Id*.

After review of the policy, we conclude that the language of the contract is not ambiguous.  Although personal property protection may not be statutorily mandated in Michigan, its existence in the contract does not nullify the policy or necessarily indicate that the parties intended to coordinate another type of benefit.  As used in the policy, the phrase "personal property protection" is not susceptible to more than one interpretation.  Moreover there is no conflict between the alleged typographical errors and other provisions of the contract; the omission of a reference to coordination of PIP benefits on the endorsement page of the policy supports this reading of the phrase at issue.  Similarly, the language reflecting medical expenses and wage loss under the coordination of personal property protection declaration does not render the contract ambiguous.  See *id*. at 384 (holding a plain reading of a term might render some provisions meaningless).  The alleged typographical errors and omissions are insufficient to require us to broaden our review past the plain language of the contract.  Because the plain language of the insurance policy does not contain a coordination of PIP benefits clause, we conclude that the trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10).

Affirmed.

/s/ Michael J. Kelly
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[3] A trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(10) is reviewed de novo.  *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).  Further, the interpretation of contractual language is an issue of law that is reviewed de novo.  *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366-367; 817 NW2d 504 (2012).